Filed 7/17/14  P. v. Lewis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DASHAWN LEWIS,<br><br>    Defendant and Appellant. | D064760<br><br><br><br>(Super. Ct. No. SCD248741) |


APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Dashawn Lewis of one count of being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)), and one count of causing a firearm to be concealed in a passenger vehicle (§ 24500, subd. (a)(3)). The jury also found true the allegation that the firearm was loaded and Lewis was not the registered owner. (§ 25400, subd. (c)(6).) Lewis admitted a prison prior (§ 667.5, subd. (b)), and a strike prior (§ 667, subds. (b)-(i)). Lewis was sentenced to a determinate term of five years in prison.

Lewis appeals contending there is insufficient evidence to support either of the counts for which he was convicted. We are satisfied that reviewing the entire record in the light most favorable to the verdict, there is sufficient substantial evidence to support the convictions. We will affirm the judgment.

STATEMENT OF FACTS

On June 8, 2013, Lewis was driving a vehicle which contained several family members and friends. There were four people other than Lewis in the car. Lewis and Ashley Zollicoffer were in the front seats. Shajata Everette, Shyniah Smith and Ronald Perry were in the back seat.

At about 11:00 p.m., Lewis passed a police car which was travelling in the opposite direction. Everette said: "Oh, shit, there's a police car." Lewis stopped the car and asked Zollicoffer to switch places with him because he did not have a valid driver's license.

_____

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

Shortly after Lewis and Zollicoffer switched places a police car pulled in behind them and was attempting to make a traffic stop. As they pulled over, Lewis said: "Oh, shit, I still have that gun." Lewis then reached over to the back seat and gave a .22 caliber, semiautomatic pistol to Perry and told Perry to hide it. Perry tried to hide the gun behind the armrest of the rear passenger door by pulling on the door panel. Ultimately Perry placed the gun under the front passenger seat.

San Diego Police Officer Rogelio Moreno approached the driver's window and noticed a female driver although he had seen a male driving the car moments earlier. The officer asked Lewis if he had been driving and Lewis admitted he had been driving. Police found the handgun under the front passenger seat.

Everette testified at trial under a grant of immunity. Smith also testified. Both women told police inconsistent stories, first denying any knowledge of the gun, then admitting seeing the movement and Everette admitted hearing Lewis say, "Oh, shit, I still have that gun in my lap."

At trial both Smith and Everette denied seeing or hearing anything incriminating and either denied telling such things to police or testified police made them say it. Officer Cummings questioned Smith who said she saw Lewis hand something over the seat to Perry and saw Perry "messing" with the door and throw something under the seat. When asked if she saw the handgun she said, "No, I didn't, but what else could it have been[?]"

Everette told Officer Cummings she had heard Lewis's statement about the gun and saw Perry put something under the seat. At trial Everette said police made her tell

them Lewis had made a comment about the gun. She later denied making such statement to police. Everette also denied seeing anything happen in the back seat as she was looking out the window the entire time.

Lewis did not testify at trial.

## DISCUSSION

Lewis contends the evidence is insufficient to establish that he had possession of the gun or that he caused it to be hidden under the passenger seat. Essentially he argues the witnesses to the events in the car were not credible and that they had each denied actual knowledge of the gun. As we will discuss below, credibility decisions were for the jury to make and there is nothing in this case that would establish the witness's incriminating statements were inherently incredible. The passengers from the car were either friends or relatives of Lewis who tried mightily to deny any incriminating knowledge. However, they had made statements to police which were incriminating as to Lewis and it was for the jury to decide which, if any, of the statements of these witnesses it chose to believe.

### A. Standard of Review

When we review a claim of insufficient evidence to support a conviction we apply the familiar substantial evidence standard of review. Under that standard we review the entire record in the light most favorable to the trial court decision. We draw all reasonable inferences in favor of the trial court decision, however we do not weigh the evidence nor do we make credibility decisions. Instead we seek to determine whether there is substantial evidence in the record from which a reasonable jury could find each

4

element of each offense to have been proved beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 576-577; *People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

It has been well established that the jury is best able to evaluate inconsistencies in testimony in order to determine what facts have been shown to be true. (*People v. Barnes* (1986) 42 Cal.3d 284, 306; *People v. Mincey* (1992) 2 Cal.4th 408, 444.)

## B.  Analysis

Plainly this case presented the jury with stark contrasts in testimony, even within the testimony of some individual witnesses. Everette and Smith were obviously not inclined to help the prosecution's case against their relative or friend. A jury could well have found their testimony to be untruthful in various respects. However, as case law has established a witness's testimony is not disqualified simply because the jury finds some aspects of that evidence to be untruthful. (*People v. Mincey, supra*, 2 Cal.4th at p. 444.)

Evidence Code sections 1235 and 1236 address the type of evidence relied upon by the prosecution in this case. Evidence Code section 1235 provides:  "Evidence of a statement made by a witness is not made inadmissible by the hearsay rule if the statement is inconsistent with his testimony at the hearing and is offered in compliance with Section 770."  A similar provision addresses prior consistent statements. (Evid. Code, § 1236.)

Significantly, Lewis does not challenge the admissibility of any of the evidence offered at trial. Thus, Everette's and Smith's statements to the police, which they disavowed at trial, were available for the jury to consider and use, if appropriate to evaluate guilt. Certainly, if the jury believed those out-of-court statements to be true, then there was evidence that Lewis stated he had the gun in his lap. There is also

evidence that he handed the gun to Perry and told him to hide it.  While a different jury might not have credited those statements, this jury obviously did so.  The statements are neither inherently incredible nor physically impossible.  Accordingly, we are satisfied there is sufficient, substantial evidence in this record to prove all of the elements of each offense.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.

6